IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RUSSELL K. HILL**     **PETITIONER**

v.     No. 4:22CV40-DMB-DAS

**WARDEN C. LODEN**     **RESPONDENT**

### ORDER SETTING NEW DEADLINE TO SUBMIT AN AMENDED § 2241 PETITION ON STANDARD FORM

On March 22, 2022, the court entered an order requiring the petitioner to file an amended petition under 28 U.S.C. § 2241 by completing and returning a form petition the court sent to him. The court cautioned the petitioner that failure to comply with the order would result in the dismissal of this case without prejudice. The petitioner filed a response to the order, styled as a "Motion to Clarify," arguing that he need not complete and return the form petition, as ordered. He argues, *inter alia*, that the form is "inadequate and ineffective" to present his claims because it does not contemplate his situation: A state prisoner challenging the manner of serving his sentence (rather than challenging the validity of his conviction or sentence). Mr. Hill's argument is colorable, though ultimately unavailing.

Circuit courts are split regarding whether § 2241 is the proper vehicle to challenge the manner of serving a state sentence. Some circuits hold that

> so long as the person is in custody pursuant to the *judgment* of a state court[, § 2254 is the proper vehicle for attacking the manner the sentence is served]. *In re Wright*, 826 F.3d 774, 783–85 (4th Cir. 2016); *Rittenberry v. Morgan*, 468 F.3d 331, 336, 2006 FED App. 0415P (6th Cir. 2006); *White v. Lambert*, 370 F.3d 1002, 1005-10 (9th Cir. 2004) (overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010)); *Medberry v. Crosby*, 351 F.3d 1049, 1058-62 (11th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 277-79 (2d Cir. 2003); *Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002); *Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001); *Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000.)

§ 1:34. Sections 2241 and 2254, Federal Habeas Manual § 1:34 (emphasis in original). However, the Fifth Circuit decided otherwise, holding that a district court erred in construing the petition of a state prisoner as one filed under 28 U.S.C. § 2254 because the petitioner did "not contest the legality of his conviction or the validity of his initial sentence." *Richie v. Scott*, 70 F.3d 1269 (5th Cir. 1995)(unpublished). The court, instead, construed the pleading (a challenge to parole revocation) as a petition filed under 28 U.S.C. § 2241. The petitioner in that case was in custody pursuant to a state judgment; however, as he did not contest the validity of that judgment or sentence, § 2241 was the proper vehicle to present his claims to the court.

Though the court's form petition is general in nature, it is sufficient for Mr. Hill to present his claims, as there are blanks on the form with the choice "Other," which permit petitioners to describe situations not accounted for in the fixed choices on the form. If he nonetheless believes the blanks in the form are inadequate for his purposes, he may complete the applicable parts of the form – and supplement the form with additional pages to expound upon his claims.

As Mr. Hill had reservations about the adequacy of form petition to fully present his claims under 28 U.S.C. § 2241, the court will extend his deadline to complete and return the form. ***The new deadline for Mr. Hill to complete and return the enclosed form is 21 days from the date of this order.*** Failure to comply with this order will lead to the dismissal of this case without prejudice for failure to prosecute and for failure to comply with an order of the court under FED. R. CIV. P. 41(b).

**SO ORDERED**, this, the 13th day of April, 2022.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE